# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 1:13CR00017 |
| v. | ) | **OPINION AND ORDER** |
| **ALEN JOHANNES SALERIAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Glen Donath and Matthew R. Palmer-Ball, Katten Muchin Rosenman LLP, Washington, D.C., for Defendant.*

In this criminal case, the defendant has filed a Motion to Transfer Venue. Because I conclude that the magistrate judge's findings are not clearly erroneous or contrary to law, I will deny the defendant's objection to the magistrate judge's denial of the motion. The defendant has also filed an alternative Motion for Intradistrict Transfer, and I will deny that motion as well.

I

The defendant, Alen Johannes Salerian, a physician, was indicted in this court on April 16, 2013, with conspiracy to unlawfully distribute Schedule II controlled substances in violation of 21 U.S.C.A. § 846 (West 2013), and with multiple counts of unlawful distribution of such controlled substances in violation

of 21 U.S.C.A. § 841 (West 2013). On August 9, 2013, Salerian filed a Motion to Transfer Venue, in which he sought transfer of the case to the United States District Court for the District of Columbia. The motion was referred to United States Magistrate Judge Pamela Meade Sargent for resolution. After briefing and hearing, Judge Sargent issued a Memorandum Order on November 8, 2013, denying the motion.

In her decision denying the motion, the magistrate judge first discussed the requirement under Federal Rule of Criminal Procedure 21(a) that proceedings be transferred when local prejudice against the defendant is so great that a fair and impartial trial cannot be obtained. Finding little to support the allegations of "relentless media coverage," the magistrate judge concluded that "pretrial publicity has not been so inherently prejudicial that Salerian's criminal trial proceedings must be presumed to be tainted." (Mem. Order 3, Nov. 8, 2013, ECF No. 67.) Next, she considered the defendant's argument to transfer for convenience under the authority of Rule 21(b). In applying the factors first laid out in *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243-44 (1964),[1] Judge Sargent found that "only one clearly supports the defendant's transfer motion:

---

[1] Those ten factors are "(1) location of . . . defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." *Id.*

Salerian and his family reside in Maryland. Many of the other factors do not support the transfer or weigh just as equally in favor of trying this case in this court." (Mem. Order 4, Nov. 8, 2013, ECF No. 67.) She found that, if the case were transferred to the District of Columbia, the inconvenience of proceeding in this district to the defendant's witnesses did not outweigh the burden to the government's witnesses. In addition, Judge Sargent, in discussing access to records, expenses, and the accessibility of the court, concluded that the burden on the government, when compared to the defendant's burden here, would be as great if transferred to the District of Columbia. Judge Sargent also considered a "special element" that counseled against transfer, namely that the United States "has tendered and proffered evidence to the court showing that Salerian actively recruited patients from the Western District of Virginia." (*Id*. at 5.)

The defendant has filed a timely objection to the magistrate judge's ruling. He argues that, in her misapplication of the *Platt* factors, the magistrate judge "repeatedly weighs factors one-sidedly from the perspective of the government without counterbalancing the Defendant's corresponding considerations." (Def.'s Objection to Mem. Order Den. Mot. Transfer 2, ECF No. 69.) The defendant believes that the magistrate judge gave biased consideration to the government's location, witnesses, and resources without corresponding consideration for the defendant. Further, the defendant argues that, contrary to the "special element"

findings in the Order, the "overwhelming majority" of the events underlying the prosecution occurred in the District of Columbia. (*Id.* at 5.)

II

Under Rule 59(a), when a party objects to a nondispositive order of a magistrate judge, I must review the order to determine whether it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). An order is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enters., Inc. v. Se. Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999) (internal quotation marks and citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Dunlap*, No. 1:12CR00044–004, 2013 WL 30145, at *2 (W.D. Va. Jan. 2, 2013) (internal quotation marks and citation omitted).

Federal Rule of Criminal Procedure 21 sets forth two sets of circumstances under which transfer is appropriate. A district court must transfer, upon the defendant's motion, a criminal case to another district "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). A district court also may transfer, upon the defendant's motion, a criminal case to

another district "for the convenience of the parties, any victim, and the witnesses, and in the interests of justice.' Fed. R. Crim. P. 21(b). Decision on Rule 21(b) motions is "committed to the sound discretion of the district court." *United States v. Heaps*, 39 F.3d 479, 482 (4th Cir. 1994), *abrogated on other grounds*, *United States v. Cabrales*, 524 U.S. 1 (1998). In deciding a Rule 21(b) motion, the court considers the factors enunciated in *Platt*, and of those factors, "no one . . . is dispositive, and [i]t remains for the court to try and strike a balance and determine which factors are of greatest importance." *United States v. Farkas*, 474 F. App'x 349, 353 (4th Cir. 2012) (unpublished) (internal quotation marks and citation omitted). "For a defendant to succeed on a Motion to Transfer Venue under Federal Rule of Criminal Procedure 21(b), the defendant must demonstrate that prosecution of the case in the district where the count was properly filed would 'result in a substantial balance of inconvenience' to the defendant." *United States v. Ferguson*, 432 F. Supp. 2d 559, 562 (E.D. Va. 2006) (quoting *United States v. Hurwitz*, 573 F. Supp. 547, 552 (S.D.W.Va. 1983)).

Upon careful consideration of the grounds of the objection, I do not find that the magistrate judge's decision was clearly erroneous or contrary to law. First, the defendant has simply not made a sufficient showing to justify transfer under Rule 21(a). Although there has been some minor publicity, and prescription drug addiction has been particularly devastating in this judicial district, I am confident

that voir dire of prospective jurors will provide an adequate safeguard against any resulting prejudice. Furthermore, in consideration of the Rule 21(b) motion, I find that the magistrate judge appropriately applied the *Platt* factors in concluding that the trial of this matter in this court would not result in a substantial balance of inconvenience to the defendant. The defendant misconstrues as one-sided consideration the magistrate judge's conclusion that the government would be similarly burdened by the defendant's requested transfer. Judge Sargent explicitly applied relevant factors as to both the government and the defendant. She weighed the inconvenience to the defendant and his witnesses against the inconvenience to the government, and found "the defense has not revealed . . . why it would be more inconvenient for [its witnesses] to travel to Abingdon than for the government's witnesses to travel to the D.C. area." (Mem. Order 4-5, Nov. 8, 2013, ECF No. 67.) Judge Sargent further concluded an equivalent burden would be placed on the government — in its access to records, its resources, and its location — if the proceedings were transferred elsewhere. The idea that the United States Attorney's Office is a ubiquitous presence with sufficient resources everywhere does not reflect the reality of prosecuting the instant case, and draining resources from the local office, as well as other prosecuting offices, is an appropriate consideration.

Despite the defendant's assertions to the contrary, the magistrate judge's consideration of Dr. Salerian's alleged recruitment of patients in the Western District of Virginia was proper. Insofar as every alleged offense was "begun, continued, or completed" in this district, it may be "inquired of and prosecuted" therein. 18 U.S.C.A. § 3237(a) (West 2006). Judge Sargent relied on the government's representation that every distribution count involved patients who were either residents of this district or had prescriptions from Dr. Salerian filled in this district. Her conclusion that "Salerian should not be allowed to now assert that it is inconvenient to return to this area for trial" is justified. (Mem. Order 6, Nov. 8, 2013, ECF No. 67.) While the defendant disputes his visits to the district were for recruitment purposes, he does not dispute that he has in fact traveled here on numerous occasions. As such, this "special element" was appropriately considered. For those reasons, the objection to the magistrate judge's Order will be denied.

On December 10, 2013, the defendant filed his alternative motion, seeking intradistrict transfer to Charlottesville, Lynchburg, or Roanoke. The above-discussion concerning interdistrict transfer is applicable to intradistrict transfer, as well. The court is permitted to transfer within the district "for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. As it stands, the upcoming trial is anticipated to

absorb four weeks of this court's docket.  Intradistrict transfer would be disruptive to the functioning this court, as well as to the transferee division.  For the same reasons stated in denying the motion for interdistrict transfer, the burden to the defendant in this division does not substantially outweigh the burden on the government in prosecuting the case in one of the other divisions.  In short, intradistrict transfer does not mitigate the concerns present in interdistrict transfer.  Accordingly, the motion for such transfer will also be denied.

III

For the foregoing reasons, it is **ORDERED** as follows:

1.  Defendant's Objection to the Memorandum Order Denying Defendant's Motion to Transfer Venue (ECF No. 69) is DENIED; and

2.  Defendant's Motion for Intradistrct Transfer (ECF No. 83) is DENIED.

ENTER: January 24, 2014

/s/  James P. Jones
United States District Judge